The STATE of Ohio, Appellee,

v.

RASH, Appellant.

[Cite as *State v. Rash* (1996), 111 Ohio App.3d 351.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 14903.

Decided May 24, 1996.

*Carley J. Ingram,* Montgomery County Assistant Prosecuting Attorney, for appellee.

*Michael Holz,* for appellant.

FAIN, Judge.

Defendant-appellant Wyatt Rash appeals from his conviction and sentence for breaking and entering an unoccupied structure and receiving stolen property over $300 in value. Rash contends that the trial court abused its discretion by denying his motion for a continuance until the following morning when the state unexpectedly rested on the first day of a trial scheduled for two to two and one-half days. Because we agree with Rash that the trial court abused its discretion and because we conclude that Rash's constitutional rights to due process were violated, the judgment of the trial court is reversed, and this cause is remanded for a new trial.

## I

Wyatt Rash was indicted on one count of receiving stolen property having a value of $300 or more in violation of R.C. 2913.51(A) and on one count of breaking and entering in violation of R.C. 2911.13(A). Rash pled not guilty to both counts. At a scheduling conference, the trial court set the date for the jury trial and allotted up to two and one-half days for the trial.

On the first day of trial, the state called four of the eight witnesses indicated on its list and rested. The transcript indicates that the time was about 2:40 p.m. After the trial court denied Rash's motion for acquittal, Rash moved for a continuance until 9 a.m. the following morning so the defense witnesses could testify. Apparently, trial counsel for Rash had told these witnesses that they would not be needed on the first day of the trial, but that they should be available to testify on the second day. Defense counsel explained that this was his miscalculation and asked the trial court to penalize him, not his client, whose liberty was at stake, for his misjudgment. After the state argued against the motion, the trial court put on the record:

"I think the record then should reflect that this trial did not start until 10 o'clock this morning the reason being that defense counsel was not here earlier than that. It was started as soon as he came.

"Further, that even right now it's still just 20 till three. Everyone heard this morning what I told the jury on the record, that we go between four and 4:30 but that I thought * * * that we would probably go to 4 o'clock this evening. At this time I'll overrule the motion for continuance."

At a bench conference immediately following the trial court's remarks, defense counsel objected to proceeding without being able to put on his evidence. The judge responded that he would have let the defense put on its evidence "if you had it." Closing arguments followed the bench conference. The jury found Rash guilty of both counts. The trial court sentenced Rash to the maximum term for the offense of breaking and entering, eighteen months. Rash appeals from his conviction and sentence.

## II

Rash's first assignment of error is as follows:

"The trial court abused its trial discretion by refusing to grant a continuance (or adjournment) of defendant-appellant's trial thereby denying him due process of law."

Rash protests that the trial court abused its discretion by denying his motion for a continuance that would have delayed the proceedings approximately ninety

minutes. Moreover, Rash protests that the trial court, rather than penalizing defense trial counsel for his late appearance that morning and for his misjudgment as to how long the state's case would last, deprived Rash of due process and rendered him unable to put on evidence. Although the state concedes that the length of time requested was minimal and that Rash had made no prior requests for a continuance, the state argues that the trial court did not abuse its discretion.

■ While Rash concedes that the grant or denial of a motion for continuance is a matter best left to the discretion of the trial court, we agree with his observation that the discretion of the trial court is not unlimited. Unless a defendant can show that the trial court abused its discretion, meaning that the trial court committed more than an error of law or judgment and that the attitude of the trial court was, in fact, unreasonable, arbitrary, or unconscionable, a reviewing court will not reverse the denial of a motion for a continuance. *Ungar v. Sarafite* (1964), 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921, 931; *State v. Powell* (1990), 49 Ohio St.3d 255, 259, 552 N.E.2d 191, 196–197; *State v. Unger* (1981), 67 Ohio St.2d 65, 67, 21 O.O.3d 41, 43, 423 N.E.2d 1078, 1080. In *Ungar,* the United States Supreme Court wrote:

"The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. Contrariwise, *a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality.* There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is made." (Emphasis added and citations omitted.) *Ungar* at 589, 84 S.Ct. at 849–850, 11 L.Ed.2d at 931.

The Ohio Supreme Court has adopted and followed a balancing test from *Unger* that requires a "reviewing court to weigh potential prejudice against 'a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice.'" *Powell,* 49 Ohio St.3d at 259, 552 N.E.2d at 196, citing *Unger,* 67 Ohio St.3d at 67, 21 O.O.2d at 43, 423 N.E.2d at 1080. In *Powell,* the Supreme Court listed relevant factors to be considered: (1) length of delay sought, (2) previous continuances sought or granted, (3) inconvenience to all involved, (4) legitimacy of reason for delay, and (5) whether the defendant had caused the delay. *Id.*

■ In the case before us, based on the circumstances reflected in the trial transcript, we conclude that the trial court abused its discretion when balancing the factors from *Unger* and when examining the circumstances in the cases cited

by the state. With respect to the first factor, at 2:40 p.m., Rash's trial counsel requested a continuance until 9 a.m. the following day. The trial judge stated on the record that he planned to adjourn the day's proceedings about 4 p.m. The state concedes that the amount of time requested was minimal. We agree.

Under the second factor, again, the state concedes that Rash had neither sought nor received any prior continuances. Under the third factor, we view the inconvenience to have been negligible. Rash's trial counsel appropriately argued to the judge that a short delay in the proceedings was minor in relation to his client's liberty.

Under the fourth factor, we view trial counsel's reason for the delay to have been legitimate. We think it is reasonable, justifiable, and understandable that trial counsel would expect his witnesses to testify on the second day of trial given the possible number of witnesses on the state's list and given the nature of the charges against Rash. It is enough that any witness must take time off from work to testify in either a civil or criminal matter; most attorneys, realizing this hardship, do their best to "schedule" witnesses within a reasonable amount of time and with as little inconvenience to the witnesses as possible, especially if the allegiance of the witness is weak or nonexistent.

It is troubling that trial counsel did not take the time to proffer his witnesses' anticipated testimony, but under the particular circumstances of this case, we do not regard it as a fatal defect. The ruling assigned as error was not one excluding evidence as inadmissible, for which a proffer is required by rule. Evid.R. 103(A)(2). The devastating effect of the denial of a continuance was apparent; it precluded Rash from presenting witnesses other than himself.

Finally, it is apparent from the record before us that Rash, himself, was not the cause of the delay. As Rash's appellate counsel argues: "Rudimentary principles of fairness and the interests of justice would dictate that defense counsel's inaccurate estimate of the length of the state's case should not be answered with a sanction so harsh that it rendered his client defenseless." Trial counsel admitted on the record that he misjudged the length of time the state's case might last and asked the judge to penalize him personally rather than punish his client by preventing him from presenting any case at all. Insofar as it is inferable from the record that the morning tardiness was the impetus behind the denial of the motion for continuance, the appropriate action for the trial court to have taken would have been to sanction trial counsel for his late arrival that morning. A defendant's constitutional right to due process and effective representation by counsel outweighs "a myopic insistence upon expeditiousness in the face of a justifiable request for delay." *Ungar*, 376 U.S. at 589, 84 S.Ct. at 849, 11 L.Ed.2d at 931.

We note, in conclusion, that the cases cited by the state in support of the denial of the motion all present factual circumstances that are readily distinguishable from the case before us. In *Powell,* the defense counsel requested a continuance for an indeterminate amount of time during the penalty phase of a capital murder case. *Powell,* 49 Ohio St.3d at 260, 552 N.E.2d at 197. In *State v. Brooks* (1989), 44 Ohio St.3d 185, 195, 542 N.E.2d 636, 645, the defense had already been granted a prior continuance of nearly one month. In *State v. Clements* (1994), 98 Ohio App.3d 797, 800, 649 N.E.2d 912, 914, the defense witness could not be found and the defendant could not assure the trial court that the witness could be located within a reasonable time.

Thus, because we conclude that the trial court abused its discretion in denying a reasonable and justifiable request for a continuance, and in doing so, violated Rash's constitutional rights to due process and effective representation by counsel, we sustain his first assignment of error.

## III

Rash's second assignment of error is as follows:

"The trial court abused its sentencing discretion by denying defendant-appellant's counsel's request for a presentence investigation report and imposing a maximum sentence on defendant-appellant thereby violating the sentencing guidelines contained in R.C. 2929.13."

Since we have sustained Rash's first assignment of error, we find it unnecessary to address the issue raised in his second assignment of error.

## IV

Rash's first assignment of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for a new trial.

*Judgment accordingly.*

WOLFF and FREDERICK N. YOUNG, JJ., concur.