OPINION
{¶ 1} Defendant, Frank Ditty, appeals from a judgment of the common pleas court finding that Defendant had violated his community control and reimposing two more years of community control with additional conditions, including sixty days in jail.
 {¶ 2} Defendant was indicted on March 26, 2001, on one count of non-support of his dependents, in violation of R.C. 2919.21(A)(2). Defendant subsequently entered a plea of guilty to that offense in exchange for the State's recommendation that Defendant be placed on community control with conditions, including up to thirty days in jail and payment of his child support. On November 14, 2001, the trial court sentenced Defendant to two years of community control with several specific conditions, including thirty days in jail and a requirement that Defendant begin paying his child support.
 {¶ 3} On November 5, 2002, Defendant came before the trial court on a motion filed by the adult probation department alleging a violation of Defendant's community control: failure to pay any child support since being placed on community control. On November 26, 2002, a probable cause hearing was held at which time Defendant admitted the violation. The trial court found that Defendant had violated his community control, and it imposed two more years of community control with all of the previous conditions plus some new ones, including sixty days in jail.
 {¶ 4} Defendant timely appealed to this court. Defendant's appellate counsel filed an Anders brief, Anders v. California (1967),386 U.S. 738, claiming that he could not find any meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations, and afforded him ample time to file a pro se brief. None has been received. This matter is now ready for decision.
 {¶ 5} In his Anders brief appellate counsel has identified three potential issues for appeal which we shall address.
 FIRST POTENTIAL ASSIGNMENT OF ERROR {¶ 6} "THE TRIAL COURT ERRED AND OTHERWISE CAUSED PREJUDICE TO APPELLANT BY FAILING TO GRANT A CONTINUANCE FOR APPELLANT'S PROBABLE CAUSE HEARING."
 {¶ 7} The decision whether to grant or deny a request for a continuance is a matter best left to the trial court's sound discretion. A reviewing court will not disturb that decision on appeal absent an abuse of discretion. State v. Powell (1990), 49 Ohio St.3d 255, 259;Ungar v. Sarafite (1964), 376 U.S. 575, 589. An abuse of discretion means more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. State v. Adams (1980), 62 Ohio St.2d 151.
 {¶ 8} In State v. Rash (1996), 111 Ohio App.3d 351, 354, this court observed:
 {¶ 9} "In Ungar, the United States Supreme Court wrote:
 {¶ 10} `The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is made." (Emphasis added and citations omitted.) Ungar at 589,84 S.Ct. at 849-850, 11 L.Ed.2d at 931.
 {¶ 11} `The Ohio Supreme Court has adopted and followed a balancing test from Unger (sic) that requires a "reviewing court to weigh potential prejudice against `a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice.'" Powell, 49 Ohio St.3d at 259, 552 N.E.2d at 196, citing Unger, (sic)67 Ohio St.2d at 67, 21 O.O.3d at 43, 423 N.E.2d at 1080. In Powell, the Supreme Court listed relevant factors to be considered: (1) length of delay sought, (2) previous continuances sought or granted, (3) inconvenience to all involved, (4) legitimacy of reason for delay, and (5) whether the defendant had caused the delay. Id.'"
 {¶ 12} At Defendant's initial appearance on this community control violation on November 5, 2002, the trial court appointed Paul Wagner to represent Defendant in this matter, and set the probable cause hearing for November 26, 2002. At that probable cause hearing on November 26th defense counsel requested a continuance. Counsel stated that he had just met with Defendant for the first time six days before, and he requested more time to investigate and develop mitigation evidence relative to Defendant's mental health problems and why he may have problems obtaining employment. The trial court denied the request for a continuance, pointing out that some three weeks prior at the initial appearance, Defendant was given counsel's name, address and phone number, and was encouraged to make an appointment with him then and there.
 {¶ 13} There is no indication that any previous continuances had been sought. Further, the reason for the requested continuance, defense counsel needed additional time to develop mitigation in the form of Defendant's mental health problems relative to his community control violation, appears on its face to be legitimate. However, the delay sought here was of unspecified length. Moreover, it appears from the record that the trial court concluded that Defendant's lateness in making initial contact with counsel after counsel was appointed for him caused the delay.
 {¶ 14} Additionally, we note that the evidence Defendant was seeking more time to develop was not in the nature of a complete defense to the community control violation which Defendant admitted, but rather was mitigation relative to the anticipated punishment for that violation. Defendant and his counsel were permitted to argue that mitigation: that Defendant's depression, for which he is being treated, impacts his ability to work, and he lacks sufficient financial resources to obtain the further tests and treatment that he needs. Furthermore, the trial court specifically indicated that it was assigning credibility to Defendant's mitigation claim, and the court imposed further community control, rather than a prison term, as punishment for Defendant's community control violation. On these facts and circumstances an abuse of discretion on the part of the trial court in denying Defendant's requested continuance has not been demonstrated.
 SECOND POTENTIAL ASSIGNMENT OF ERROR {¶ 15} "THE TRIAL COURT ACTED UNREASONABLY IN FAILING TO DELAY APPELLANT'S SENTENCE."
 {¶ 16} Defendant was convicted upon his guilty plea of non-support of his dependents based upon his failure to pay child support as ordered by the court. Defendant was placed on community control, one of the terms of which required Defendant to begin paying his child support. Thereafter, Defendant failed to make any support payments for almost one year, which led to the charged violation of his community control. Defendant admitted that he had violated his community control, and the trial court so found. Rather than revoking Defendant's community control and imposing a term of imprisonment, the trial court placed Defendant back on community control with additional conditions, including sixty days in the Darke County jail.
 {¶ 17} Defendant argues that the trial court acted unreasonably in denying his request to delay commencement of his sixty day jail sentence. Although Defendant objects to being incarcerated, he has not suggested a single reason why the court should have delayed imposition of its sentence. In that regard, we note that the court expressed a willingness to suspend the jail time if Defendant could verify that he was employed. Defendant, however, could do no better than state, "I'm attempting to get a job." We are unaware of any legal authority requiring the trial court to delay its sentence.
 THIRD POTENTIAL ASSIGNMENT OF ERROR {¶ 18} "THE TRIAL COURT'S SENTENCE WAS UNREASONABLE."
 {¶ 19} With respect to his sentence, Defendant does not argue that the trial court failed to comply with some specific duty imposed upon it by the applicable felony sentencing statutes, R.C. 2929.11 — R.C.2929.14, and R.C. 2929.19. Rather, Defendant complains that his sentence is "unduly harsh."
 {¶ 20} Having identified no failure on the trial court's part with respect to the procedures the court was required to follow in order to impose the sentence that it chose, Defendant's contention is that the trial court abused the discretion conferred upon it, which is not a matter for which R.C. 2953.08 permits appellate review. See State v.Kennedy (September 12, 2003), Montgomery App. No. 19635; State v.Alvarez (September 26, 2003), Montgomery App. NO. 19670.
 {¶ 21} In addition to the potential errors raised by appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no errors having arguable merit. Accordingly, any appeal by Defendant assigning the potential error identified would be frivolous. The judgment of the trial court will be affirmed.
BROGAN, J. and WOLFF, J., concur.