OPINION
{¶ 1} These consolidated appeals come for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Shane Tisdale, appeals the judgment of the trial court sentencing him for various offenses, arguing that the total sentence imposed upon him added up to more than the individual and consecutive sentences imposed. The trial court's clerical error has since been corrected and Tisdale's assignment of error is now meritless.
 {¶ 2} On December 28, 2006, Tisdale was indicted by the Mahoning County Grand Jury in Case Number 06 CR 1353 for four counts of kidnapping and one count of aggravated robbery, all first degree felonies. On March 20, 2007, a bill of information was filed in Case Number 07 CR 367 charging Tisdale with eight counts of robbery, all third degree felonies. These new charges arose out of a plea agreement entered into between Tisdale and the State, wherein Tisdale agreed to plead guilty to all charges in exchange for a sentence recommendation from the State. In particular, the State agreed to recommend that Tisdale be sentenced to eight concurrent years of imprisonment for all the offenses listed in Case Number 06 CR 1353 to be served consecutive to four concurrent years of imprisonment for all the offenses listed in Case Number 07 MA 367. The trial court accepted Tisdale's guilty plea after a change of plea hearing.
 {¶ 3} On March 27, 2007, the trial court sentenced Tisdale. At the sentencing hearing, it announced that it would impose the recommended sentence and sentence Tisdale to a total of twelve years imprisonment. The trial court issued a judgment entry of sentence on March 29, 2007. That judgment entry provided, in part, as follows:
 {¶ 4} "It is hereby Ordered that the Defendant be taken from here to the Mahoning County Justice Center and from there to the Ohio Department of Rehabilitation and Corrections to serve a term of Four (4) years on each of the Four (4) counts of Kidnapping and Four (4) years on the Aggravated Robbery in Case Number 06 CR 1353, these terms to be served concurrently to one another. In Case Number 07 CR 367, the Defendant is Ordered to serve a term of Four (4) years in the *Page 3 
Department of Rehabilitation and Corrections one each of the Eight (8) counts of Robbery, these terms are Ordered served concurrently to one another. The concurrent terms in Case Numbers 06 CR 1353 and 07 CR 367 are Ordered served consecutively to one another for a total sentence of Twelve (12) years in the Department of Rehabilitation and Corrections."
 {¶ 5} Tisdale appealed this sentence pro se in November 2007 and we appointed him counsel and granted him leave to pursue this delayed appeal.
 {¶ 6} On appeal, Tisdale's sole assignment of error argues:
 {¶ 7} "The trial court erred when it characterized Defendant-Appellant Shane Tisdale's sentence as a twelve-year prison term when the court actually imposed an eight-year prison term per its judgment entry of sentence."
 {¶ 8} In this assignment of error, Tisdale argues that he was actually sentenced to a total of eight years in prison, rather than the total of twelve years imprisonment imposed by the trial court. After Tisdale filed his brief, the State moved for a limited remand, contending that the trial court had merely made a typographical error in its judgment entry. We granted that motion on June 4, 2008. On June 11, 2008, the trial court issued an amended sentencing entry which imposed the sentence both recommended by the State and described by the trial court at Tisdale's sentencing hearing.
 {¶ 9} Crim. R. 36 gives a trial court the authority to correct clerical mistakes in its judgment entries "at any time." "The term `clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." State ex rel. Cruzado v. Zaleski, 111 Ohio App.3d 353,2006-Ohio-5795, 856 N.E.2d 263 at ¶ 19. The trial court's error in this case clearly falls into this description. The trial court described the sentence it was imposing upon Tisdale at his sentencing hearing, but made a typographical error when drafting its sentencing entry. Therefore, the trial court was free to correct this error.
 {¶ 10} Since the total amount of imprisonment the trial court has imposed upon Tisdale now matches the amount of imprisonment described in the judgment entry, *Page 4 
Tisdale's assignment of error is now meritless. Accordingly, the judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Waite, J., concurs. *Page 1