[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Griffin,* Slip Opinion No. 2014-Ohio-4767.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4767

THE STATE OF OHIO, APPELLANT, *v.* GRIFFIN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Griffin,* Slip Opinion No. 2014-Ohio-4767.]**

*Criminal law—R.C. 2923.32—Jury instructions—Definition of "enterprise."*

(Nos. 2013-1129 and 2013-1319—Submitted May 27, 2014—Decided October 30, 2014.)

APPEAL from and CERTIFIED by the Court of Appeals of Montgomery County, No. 24001, 2013-Ohio-2230.

_____

PFEIFER, J.

BACKGROUND

{¶ 1} Appellee, De'Argo Griffin, was convicted of, among other things, engaging in a pattern of corrupt activity. The convictions were affirmed. 2d Dist. Montgomery No. 24001, 2012-Ohio-503. The Second District Court of Appeals granted Griffin's application to reopen his appeal to allow him to argue that his appellate counsel had been ineffective for failing to challenge the jury instructions defining the term "enterprise." The court of appeals ultimately concluded that the jury instructions had been inadequate, based on that district's decision in *State v.*

*Franklin*, 2d Dist. Montgomery Nos. 24011 and 24012, 2011-Ohio-6802, and reversed the conviction for engaging in a pattern of corrupt activity. 2d Dist. Montgomery No. 24001, 2013-Ohio-2230.

{¶ 2} The court of appeals certified that its judgment is in conflict with the Ninth District Court of Appeals' judgment in *State v. Habash*, 9th Dist. Summit No. 17073, 1996 WL 37752 (Jan. 31, 1996). We agreed that a conflict exists, 137 Ohio St.3d 1456, 2013-Ohio-4657, 1 N.E.3d 423, and ordered the parties to brief the following issue:

> In a trial for engaging in a pattern of corrupt activity under R.C. 2923.32, is an instruction sufficient to convey the law on the element of "enterprise" when the instruction states the elements of the offense, provides the statutory definitions of "enterprise" and "pattern of corrupt activity," and informs the jury that it has to find both beyond a reasonable doubt?

{¶ 3} We also accepted jurisdiction over the state's discretionary appeal. 136 Ohio St.3d 1509, 2013-Ohio-4657, 995 N.E.2d 1212. The state presents one proposition of law:

> In a trial for engaging in a pattern of corrupt activity under R.C. 2923.32, a jury instruction which states the elements of the offense, provides the statutory definitions of the elements, and informs the jury that it has to find both an "enterprise" and a "pattern of corrupt activity" beyond a reasonable doubt is sufficient to convey the law on the element of "enterprise." The court is not required to instruct the jury using language from federal case law on the element of "enterprise."

{¶ 4} We consolidated the cases sua sponte. 137 Ohio St.3d 1456, 2013-Ohio-4657, 1 N.E.3d 423. The issue certified and the proposition of law are sufficiently similar that we will address them as one issue.

## ANALYSIS

{¶ 5} Jury instructions are critically important to assist juries in determining the interplay between the facts of the case before it and the applicable law. We have stated that jury instructions "must be given when they are correct, pertinent, and timely presented." *State v. Joy*, 74 Ohio St.3d 178, 181, 657 N.E.2d 503 (1995), citing *Cincinnati v. Epperson*, 20 Ohio St.2d 59, 253 N.E.2d 785 (1969), paragraph one of the syllabus. We also stated that a "court must give all instructions that are relevant and necessary for the jury to weigh the evidence and discharge its duty as the factfinder." *Id.*, citing *State v. Comen*, 50 Ohio St.3d 206, 553 N.E.2d 640 (1990), paragraph two of the syllabus. Even so, it is clear that there must be a limit. No purpose is served, for instance, by requiring courts to present redundant jury instructions or instructions that are so similar to other instructions to be presented as to be confusing.

{¶ 6} The trial court issued the following instruction with respect to "enterprise" and "pattern of corrupt activity":

> Mr. Griffin is also charged with engaging in a pattern of corrupt activity. So before you can find the defendant guilty you must find beyond a reasonable doubt * * * that the defendant, from on or about the 13th day of May 2006 to on or about the 2nd day of April 2009, and in Montgomery County, Ohio, while employed by or associated with an enterprise, conducted or participated in directly or indirectly the affairs of the enterprise through a pattern of corrupt activity * * *.

Now enterprise includes any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency or other legal entity, or any organization, association or group of persons associated in fact although not a legal entity. Enterprise includes illicit as well as licit enterprises.

Participate in. Participate means to take part in, and is not limited to those who have directed the pattern of corrupt activity. Participate encompasses those who have performed activities necessary or helpful to the operation of the enterprise, whether directly or indirectly, without an element of control.

Corrupt activity means engaging in, attempting to engage in, conspiring to engage in, or soliciting, coercing or intimidating another person to engaging in any of the following conduct:

Possession of one gram or more of cocaine, possession of one gram or more of crack cocaine, possession of one gram or more of heroin, trafficking in heroin, trafficking in cocaine, trafficking in crack cocaine.

Now pattern of corrupt activity means two or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event.

Thus, when deciding this matter of engaging in pattern of corrupt activity, I would suggest that you first determine if the State has met this burden of proving a pattern of corrupt activity beyond a reasonable doubt.

* * *

Now if you decide that there are two or more incidents of corrupt activity, then you must further decide beyond a reasonable doubt if they occurred while Mr. Griffin was employed by or associated with an enterprise, conducted or participated in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity. Again, each of these incidents must be considered separate and apart from each other. Now if you find the State failed to prove beyond a reasonable doubt any one of the essential elements of the offense of engaging in a pattern of corrupt activity, your verdict must be not guilty as to that charge.

{¶ 7} The entire jury charge in this case comprises over 46 pages of transcript. The portion relevant to this case comprises three pages. The definitions given to the jury for "enterprise," "pattern of corrupt activity," and "corrupt activity" quote subsections of R.C. 2923.31.

{¶ 8} We are convinced that the jury instructions, when read and understood together, adequately convey the entirety of the substantive law that Griffin would have incorporated from another source. Griffin asked for a definition of "enterprise" based on *United States v. Turkette*, 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981), or *Boyle v. United States*, 556 U.S. 938, 129 S.Ct. 2237, 173 L.Ed.2d 1265 (2009), to convey that "enterprise" requires that the people in the organization have acted in concert and with a common purpose. It is difficult to summarize certain legal principles into terms that lay people can use to reach factual conclusions. There are times when more information is not better. There are times when more information is more likely to confuse than to inform a jury.

**{¶ 9}** The verdict also conveys the essence of the substantive law, lending more support to our conclusion that the jury was appropriately and adequately informed on the issue before us. It states as follows:

> We the Jury, being duly impaneled, find the Defendant, De'Argo Griffin, GUILTY of the offense of Engaging in a Pattern of Corrupt Activity, in that we do find beyond a reasonable doubt that the defendant, from on or about the 13th day of May, 2006, to on or about the 2nd day of April, 2009, and in Montgomery County, Ohio, while employed by or associated with an enterprise, conducted or participated in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity.

**{¶ 10}** All the elements that Griffin sought to have included in the jury instructions were included, though in a different form than he requested, and those elements were also included in the verdict. According to Griffin, the key elements that should have been included in the jury instructions are that the members of the enterprise had to have a common purpose and that they had to have acted in concert. We have no difficulty concluding that the concepts of "common purpose" and "acting in concert" are included in the concepts of "associating with an enterprise" and "conducting or participating in the affairs of that enterprise."

**{¶ 11}** Although the context was different, we note that "there are limitations in the English language with respect to being both specific and manageably brief, and it seems to us that although the prohibitions may not satisfy those intent on finding fault at any cost, they set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with, without sacrifice to the public interest." *United States Civ. Serv. Comm. v.*

*Natl. Assn. of Letter Carriers, AFL-CIO*, 413 U.S. 548, 578-579, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973). The Supreme Court was discussing whether the plaintiffs in that case should have known that their conduct was prohibited. *Id.* at 579. The court concluded that the plaintiffs could quibble about various definitions, but, ultimately, they should have known that their conduct was proscribed. *Id.* at 578-579.

{¶ 12} Similarly here, Griffin is quibbling about definitions—and it is obvious that different definitions could have been given. We are somewhat handicapped in that no alternative jury instructions were presented for our review. Griffin's reference to *Boyle* and *Turkette*, however, is sufficient for us to understand the instructions that he sought. It is clear to us that the instructions sought by Griffin were so similar in content to those that the court presented to the jury that they were not "necessary for the jury to weigh the evidence and discharge its duty as the factfinder." *Joy*, 74 Ohio St.3d at 181, 657 N.E.2d 503, citing *Comen*, 50 Ohio St.3d 206, 553 N.E.2d 640, at paragraph two of the syllabus. We also conclude that the jury instructions offered, which included extensive quotations from relevant statutes, sufficiently conveyed the law regarding the term "enterprise."

{¶ 13} Accordingly, we reverse the judgment of the court of appeals, and we remand to the trial court for sentencing. We also answer the certified question in the affirmative.

Judgment reversed

and cause remanded.

FARMER, O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

LANZINGER, J., dissents.

SHEILA FARMER, J., of the Fifth Appellate District, sitting for O'CONNOR, C.J.

_____

**LANZINGER, J., dissenting.**

{¶ 14} While I agree with the majority that "[t]here are times when more information is not better" and that "[t]here are times when more information is more likely to confuse than to inform a jury," majority opinion at ¶ 8, this is not one of those times.

{¶ 15} De'Argo Griffin was jointly tried with Anthony Franklin, and both were convicted of drug-offense crimes and of engaging in a pattern of corrupt activity under Ohio's Racketeer Influences and Corrupt Organizations Act ("RICO"), specifically R.C. 2923.32. Each defendant appealed. Franklin's RICO conviction was reversed on the ground that the jury instruction explaining the term "enterprise" was inadequate.[1] The state did not appeal that judgment. Griffin's convictions were affirmed at first,[2] but after Franklin's RICO conviction was reversed, the court of appeals also reversed Griffin's RICO conviction.[3] I would affirm the judgment of the court of appeals that treated both defendants similarly.

{¶ 16} This is the type of case in which written instructions would have helped the jury. How should the crucial element of "enterprise" be defined in a state RICO case? R.C. 2923.32 provides that "[n]o person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt."

{¶ 17} I believe that the statutory language is insufficient. There is no question that R.C. 2923.31(C) was read as part of the instructions. The trial court stated during its charge that

---

[1] *State v. Franklin*, 2d Dist. Montgomery Nos. 24011 and 24012, 2011-Ohio-6802.
[2] 2d Dist. Montgomery No. 24001, 2012-Ohio-503.
[3] 2d Dist. Montgomery No. 24001, 2013-Ohio-2230.

> enterprise *includes* any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency or other legal entity, or any organization, association or group of persons associated in fact although not a legal entity. Enterprise *includes* illicit as well as licit enterprises.

(Emphasis added.)

{¶ 18} As currently written, the statute is very broad, and although it does not say exactly what an enterprise *is*, it tells us what it *includes*. It is something, either a legal entity or not a legal entity. In fact, the Ninth District Court of Appeals makes the confounding observation that the word "enterprise" may "encompass a single individual." *See State v. Habash*, 9th Dist. Summit No. 17073, 1996 WL 37752, *6 (Jan. 31, 1996).

{¶ 19} Griffin asked for additional language to convey to the jurors that "enterprise" requires an entity in which people in the organization have acted in concert with each other and with a common purpose. Presumably, this is to distinguish the situation in which two individuals commit crimes at the same time, but not necessarily together or for a common purpose. R.C. 2923.31(C) does not include the defendant's proposed recitation of federal law, on which Ohio's RICO statute was based. "[I]t is prejudicial error in a criminal case to refuse to administer a requested charge which is pertinent to the case, states the law correctly, and is not covered by the general charge." *State v. Scott*, 26 Ohio St.3d 92, 497 N.E.2d 55 (1986), citing *State v. Nelson*, 36 Ohio St.2d 79, 303 N.E.2d 865 (1973). Griffin's request for clarification of the term "enterprise" was not redundant or confusing, because it supplemented the meaning of the term.

{¶ 20} An additional jury instruction on the term "enterprise" could have been fashioned from language in *Boyle v. United States*, 556 U.S. 938, 945-946, 129 S.Ct. 2237, 173 L.Ed.2d 1265 (2009) (an enterprise requires a showing of at

least three structural features: (1) purpose, (2) relationships among those associated with the enterprise, and (3) sufficient longevity to permit the associates to pursue the purpose), or in *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981) (an enterprise is "proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit"). The requested instruction on the term should have been given.

**{¶ 21}** I would therefore affirm the judgment of the court of appeals and also answer the certified question in the negative.

_____

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, Kirsten A. Brandt, and Carley J. Ingram, Assistant Prosecuting Attorneys, for appellant.

Harris, Meyer, Heckman & Denkewalter, L.L.C., and Darrell L. Heckman, for appellee.

Timothy Young, Ohio Public Defender, and Peter Galyardt, Assistant Public Defender, for amicus curiae, Office of the Ohio Public Defender.

_____