Lanzinger, J.,
dissenting.
{¶ 23} I would affirm the judgment of the Second District Court of Appeals. I do not quarrel with the syllabus as it is stated, but I respectfully dissent from the *265 manner in which the principle is applied here. Both the element of “enterprise” and the element of “pattern of corrupt activity” must be proved by the state beyond a reasonable doubt for a conviction under R.C. 2923.32(A)(1). But when the majority concludes that “the state is not required to prove that the defendants were associated with an organization having an existence as an entity or structure separate and distinct from the pattern of activity,” it goes too far and annihilates the element of enterprise. (Emphasis added.) Majority opinion at ¶ 7.
{¶ 24} At the very least, the majority opinion reduces the element of enterprise to the idea of an association-in-fact, or “ ‘a continuing unit that functions with a common purpose.’ ” Id. at ¶ 9, quoting Boyle v. United States, 556 U.S. 938, 948, 129 S.Ct. 2237, 173 L.Ed.2d 1265 (2009). That view of the term “enterprise” waters the concept down to mean two or more people acting together to commit the same crime. Yet “[t]he obvious intent of the General Assembly in enacting the RICO statutes was to reduce the influence and power of organized crime in the state.” State v. Stevens, 139 Ohio St.3d 247, 2014-Ohio-1932, 11 N.E.3d 252, ¶ 16. It is not enough for a defendant to simply act in concert with someone or be involved with a pattern of corrupt activity. As the court of appeals stated:
The evidence in the record establishes that Beverly and Imber were acting in concert when they engaged in the crime spree leading to these charges. But there is no evidence in the record that Beverly and Imber were involved in any type of ongoing organization, functioning as a continuing unit, with a structure separate and apart from the pattern of corrupt activity. At best, the evidence establishes that Beverly and Imber’s actions were disorganized and chaotic in the commission of the burglaries and thefts.
2013-Ohio-1365, 2013 WL 1390414, at ¶ 31.
{¶ 25} The majority focuses here on the evidence relating to the “pattern” of crime by Beverly and Brandon Imber — stealing or receiving stolen vehicles outside of Clark County and breaking into homes and stealing valuables. I agree that the pattern of corrupt activity was established but do not see how Beverly and Imber were involved in any type of ongoing organization, functioning as a continuing unit with a common purpose.
{¶ 26} I would also hold that inadequate instructions were given on the element of enterprise based on the reasons stated in my dissent in State v. Griffin, 141 Ohio St.3d 392, 2014-Ohio-4767, 24 N.E.3d 1147, ¶ 20 (Lanzinger, J., dissenting). The term “enterprise” could have been clarified using language in Boyle, 556 U.S. at 945-946, 129 S.Ct. 2237, 173 L.Ed.2d 1265 (an enterprise requires a showing of *266 at least three structural features: (1) purpose, (2) relationships among those associated with the enterprise, and (3) sufficient longevity to permit the associates to pursue the purpose), or in United States v. Turkette, 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981) (an enterprise is “proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit”).
Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, and Michael J. Hendershot, Chief Deputy Solicitor; and D. Andrew Wilson, Clark County Prosecuting Attorney, and Andrew R. Picek, Assistant Prosecuting Attorney, for appellant.
Marshall G. Lachman, for appellee.
{¶ 27} While it is true that evidence may prove more than one element beyond a reasonable doubt, each element must be considered independently. Here Beverly and Imber committed crimes together, but the state did not prove an enterprise.
O’Neill, J., concurs in the foregoing opinion.