[Cite as *State v. Oliver*, 2015-Ohio-2684.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 12 MA 212 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| CHRISTIAN OLIVER | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from the Court of Common Pleas of Mahoning County, Ohio
Case No. 12 CR 590A

JUDGMENT:      Affirmed in part. Reversed in part. Vacated and Remanded for Resentencing.

APPEARANCES:

For Plaintiff-Appellee:      Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant:      Atty. Desirae DiPiero
7330 Market Street
Youngstown, Ohio 44512

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

     Dated: June 29, 2015

WAITE, J.

{¶1} Appellant Christian Oliver appeals his conviction in the Mahoning County Common Pleas Court for the illegal conveyance of a prohibited item onto the grounds of a detention facility, possession of cocaine, participation in a criminal gang, and perjury. Appellant contends that the trial court erred in three separate instances regarding jury instructions. However, there was no error as to two of the instructions and Appellant is unable to show prejudice in regard to the remaining instruction.

{¶2} Appellant also appeals his November 14, 2012 sentencing entry. He argues that the trial court did not make the requisite findings pursuant to R.C. 2929.14(C)(4) before imposing consecutive sentences. Despite Appellant's contentions, although the trial court did not specifically cite to the statute at the sentencing hearing, it is not required to do so. It is evident by the record that the trial court engaged in the appropriate analysis and made the requisite findings before imposing consecutive sentences. Finally, Appellant correctly asserts that the trial court erred in imposing a five year post-release control period when the maximum period for a second-degree offense is three years. For the reasons provided, the judgement of the trial court is affirmed in regard to the jury instructions and the imposition of consecutive sentences. However, the trial court's imposition of post-release control is vacated and remanded to the trial court for resentencing solely on this issue.

Factual and Procedural History

{¶3} The Youngstown Police Department began an investigation of 87 Hilton Avenue in Youngstown based on information that drugs were being sold at this

location. As part of the investigation, the police obtained a search warrant. During the execution of the warrant, multiple officers observed a male wearing a red shirt throw something off a balcony. An officer later retrieved a scale and a baggy of cocaine from the area surrounding the balcony. Additional evidence was found at the location which led police to believe that gang activity was taking place at the house. The officers arrested three men who were found at the location, including Appellant. At the county jail, a packet of cocaine was found in Appellant's underwear.

{¶4} Each of the men were tried separately. At Terence Sly's preliminary hearing, Appellant testified that he threw the scale off the balcony, despite evidence that it was actually Sly who tried to dispose of the contraband. As a result of Appellant's testimony, he was charged with perjury, and in the alternative, tampering with evidence.

{¶5} Following a jury trial, Appellant was convicted of illegal conveyance of prohibited items onto the grounds of a detention facility, a felony of the third degree; enhanced possession of cocaine, a felony of the fourth degree; perjury, a felony of the third degree; and participation in a criminal gang, a felony of the second-degree. He was found not guilty of tampering with evidence. He was sentenced as follows: one year of imprisonment on the illegal conveyance charge, one year on the possession charge, one year on the perjury charge, and six years on the participation charge. All of his sentences were to be served consecutively, for an aggregate total of nine years. This timely appeal followed.

<u>First, Second, and Third Assignment of Errors</u>

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GAVE THE JURY AN INSTRUCTION ON COMPLICITY WHICH WAS UNSUPPORTED BY ANY EVIDENCE AT TRIAL.

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IN [SIC] GAVE THE JURY AN INCOMPLETE AND MISLEADING INSTRUCTION ON THE ELEMENTS OF THE CRIME OF PARTICIPATING IN A CRIMINAL GANG.

THE TRIAL COURT ERRED WHEN IT INSTRUCTED THE JURY ON "CONSCIOUSNESS OF GUILT".

**{¶6}** Because all of these assignments address jury instructions, we will address them together. Appellant has raised as error three separate instances of allegedly improper jury instructions. A trial "court must give all instructions that are relevant and necessary for the jury to weigh the evidence and discharge its duty as the factfinder." *State v. Griffin,* 141 Ohio St.3d 392, 24 N.E.3d 392, 2014-Ohio-4767, ¶5, citing *State v. Comen,* 50 Ohio St.3d 206, 553 N.E.2d 640 (1990), paragraph two of the syllabus.

**{¶7}** When determining whether jury instructions resulted in prejudicial error, "the charge must be taken as a whole, and the portion that is claimed to be erroneous or incomplete must be considered in its relation to, and as it affects and is affected by the other parts of the charge." *State v. Hardy,* 28 Ohio St.2d 89, 92, 276 N.E.2d 247 (1971). In other words, we view jury instructions as a whole. If from the

entire charge it appears that a correct statement of the law was given in such a manner that the jury could not have been misled, no prejudicial error results.

*Complicity*

**{¶8}** Appellant contends that the trial court erred in instructing the jury on complicity. Appellant explains that he was charged solely as a principal offender and there is no evidence in the record as to complicity. What is more, Appellant argues that, over his objection, the trial court gave a second complicity instruction which only served to aggravate the problem.

**{¶9}** In response, the state asserts that complicity is among the offenses that can be used to establish a pattern of gang activity, which is an element of participation in a criminal gang. The state explains that the court mentioned complicity merely while defining a term found within a charged offense. The state notes that the trial court clarified to the jury that Appellant had been charged as a principal offender. Regardless, the state argues that even if this could be seen as error it would be harmless as the state clearly argued that Appellant was the principal in its closing argument.

**{¶10}** While providing jury instructions, the court defined the offense of participation in a criminal gang as:

[P]ersons in a criminal gang have committed, attempted to commit, conspired to commit, been complicitors in the commission of, or solicited, coerced or intimidated another to commit, attempted to

commit, conspired to commit, or were in complicity in the commission of two or more of the following offenses * * *.

(Tr. Vol. V, pp. 992-993.)

{¶11} The trial court then defined several terms found within the definition, including the term complicity, which Appellant claims was error. Before defining complicity, the trial court stated: "[t]he defendant is charged with complicity in the commission of the aforementioned crimes." (Tr. Vol. V, p. 994.) The trial court then defined complicity.

{¶12} After the trial court provided the jury instructions, the judge met with both counsel in chambers to discuss the jury instructions that had just been given. During the meeting, the prosecutor stated "the only other issue I have is we gave them the complicity instruction without telling them the Defendant has been charged as a principal, but in the alternate, you can charge him as a complicitor." (Tr. Vol. V, p. 1012.) Both the state and the defense requested that the definition of complicity be taken out of the instructions before being handed to the jurors.

{¶13} The trial court determined that the instruction would not be removed. The judge decided that another instruction would be given to clarify that Appellant had been charged as a principal but, in the alternative, the jury could consider him as a complicitor. The defense objected and stated that the complicity instruction should have either been stricken or left as is, even though he had objected to the instruction.

{¶14} The jury was brought back into the courtroom and the court clarified the issue of complicity by stating:

And the issue of complicity, this Defendant, Christian Oliver, is charged as a principal offender. In all offenses alleged in the indictment, he's charged as a principal offender, and as an alternative to a principal offender, he may be considered a complicitor for purposes of complicity.

(Tr. Vol. V, p. 1032.)

**{¶15}** On review, we will not find reversible error unless the record establishes both that the jury instructions were erroneous and that Appellant suffered prejudice as a result of the erroneous instruction. While we agree that the complicity instructions were somewhat confusing, Appellant has neither alleged nor shown prejudice. As Appellant is unable to demonstrate prejudice, he cannot show that reversible error occurred. Accordingly, Appellant's first assignment is without merit and is overruled.

*Criminal Gang Activity*

**{¶16}** In his second assignment of error, Appellant alleges that the trial court's instructions on participation in a criminal gang were also erroneous. A trial court is not required to give jury instructions verbatim and may provide instructions that communicate the same legal principles using its own language. *State v. Sneed,* 63 Ohio St.3d 3, 9, 584 N.E.2d 1160 (1992), citing *State v. Nelson*, 36 Ohio St.2d 79, 303 N.E.2d 865, (1973) paragraph one of the syllabus; *State v. Hicks*, 43 Ohio St.3d 72, 77, 538 N.E.2d 1030 (1989).

**{¶17}** R.C. 2923.41(B)(1) provides:

"Pattern of criminal gang activity" means, subject to division (B)(2) of this section, that persons in the criminal gang have committed, attempted to commit, conspired to commit, been complicitors in the commission of, or solicited, coerced, or intimidated another to commit, attempt to commit, conspire to commit, or be in complicity in the commission of two or more of any of the following offenses: * * *.

{¶18} The trial court provided the following instruction to the jury:

The pattern of criminal gang activity means that persons in a criminal gang have committed, attempted to commit, conspired to commit, been complicitors in the commission of, or solicited, coerced or intimidated another to commit, attempted to commit, conspired to commit, or were in complicity in the commission of two or more of the following offenses: (1) A felony or act committed by a juvenile that would be a felony if committed by an adult; an offense of violence or an act committed by a juvenile that would be an offense of violence if committed by an adult; at least one of the offenses is a felony which occurred on or after January 1st, 1999, and the last of which occurred within five years after at least one of those offenses. The two or more offenses must have been committed on separate occasions and/or by two or more persons.

(Tr. Vol. V, pp. 992-993.)

{¶19} Appellant argues that the trial court omitted the brief citation of subsection (B)(2) from the instruction, thus the instruction was incomplete.

**{¶20}** The body of subsection (B)(2) provides:

There is a "pattern of criminal gang activity" if all of the following apply with respect to the offenses that are listed in division (B)(1)(a), (b), or (c) of this section and that persons in the criminal gang committed, attempted to commit, conspired to commit, were in complicity in committing, or solicited, coerced, or intimidated another to commit, attempt to commit, conspire to commit, or be in complicity in committing:

(a) At least one of the two or more offenses is a felony.

(b) At least one of those two or more offenses occurs on or after January 1, 1999.

(c) The last of those two or more offenses occurs within five years after at least one of those offenses.

(d) The two or more offenses are committed on separate occasions or by two or more persons.

**{¶21}** Appellant argues that the trial court failed to provide the complete definition for the element pattern of criminal gang activity because it omitted a citation to R.C. 2923.41(B)(2) even though the actual substance of this section was included in the instruction. In response, the state argues that the trial court included all aspects of the definition. Although the definition was not delivered verbatim, the state urges that this was an effort to simplify the definition for the jury.

**{¶22}** Again, in order to find reversible error in regard to the trial court's jury instructions, the record must reflect both an erroneous instruction and resulting prejudice. There appears to be no case in Ohio which holds that the omission of a subsection number from a jury instruction is error. While the trial court did omit the words "subject to division (B)(2) of this section," the trial court clearly included in the instruction the substance of subsection (B)(2). Thus, the jury was given a complete and accurate statement of the law. There is no error in the trial court's instruction and this record certainly does not reveal any prejudice to Appellant from the omission of a cite to a statutory subsection when the trial court clearly communicated the substance of the law to the jury. Appellant's second assignment of error is without merit and is overruled.

*Consciousness of Guilt*

**{¶23}** Appellant contends in his third assignment that the trial court improperly provided the jury with instructions on consciousness of guilt. Appellant argues that as the state failed to present evidence related to consciousness of guilt, there is no evidence in the record to support this instruction.

**{¶24}** The state contends that the instruction was proper under *State v. Williams,* 79 Ohio St.3d 1, 679 N.E.2d 646 (1997). Pursuant to *Williams,* a consciousness of guilt instruction is considered proper when there is evidence of the "accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct." The state argues that tampering with evidence and perjury fall within "related conduct." The state cites to *State v.*

-10-

*Lawson,* 12th Dist. No. CA99-12-226, 2001 WL 433121, *9 (Apr. 30, 2001), which held that tampering with evidence falls within such other related conduct. While the state notes that no Ohio court has determined whether perjury also constitutes related conduct for purposes of a consciousness of guilt instruction, it cites several out-of-state cases which have found that perjury should be so included.

**{¶25}** Appellant's argument is essentially two-fold: tampering with the evidence and perjury charges do not support the consciousness of guilt instruction and the instruction itself was incorrect.

**{¶26}** In examining *Williams,* it is apparent that a consciousness of guilt instruction is proper when a defendant takes some action to suggest he is attempting to conceal a crime or evade prosecution. A trait inherent in these actions is dishonesty. For instance, concealment is a dishonest action as it is intended to cover up some sort of wrongdoing and prevent others from learning the truth. It also involves deliberate wrongdoing impacting the preservation of evidence. Providing a false name also involves a dishonest act: lying about one's identity in order to evade prosecution.

**{¶27}** In the matter at hand, the relevant offenses, perjury and tampering with evidence, are not specifically listed within *Williams.* Thus, the question before us is whether perjury and tampering with evidence constitute "related conduct." Similar to the offenses discussed in *Williams,* perjury and tampering with evidence involve elements of dishonesty and actions taken to mislead an investigation, evade prosecution, and affect the preservation of evidence. Based on these characteristics,

perjury and tampering with evidence are quite similar to those offenses specifically listed within *Williams.*

**{¶28}** While not directly on point, the Fourth District used similar logic when it evaluated whether an offense fell within "other acts" pursuant to Evid.R. 404(B) to determine whether certain character evidence was admissible in *State v. Leonard,* 4th Dist. No. CA92-12, 1993 WL 172198, (May 21, 1993). In *Leonard,* the Court cited McCormick on Evidence:

> Accordingly, the following are considered under this general category of admissions by conduct: a party's false statement about the matter in litigation, whether before suit or on the stand; subornation of perjury; fabrication of documents; undue pressure by bribery, intimidation, or other means to influence a witness to testify favorably or to avoid testifying; destruction or concealment of relevant documents or objects; attempt to corrupt the jury; and hiding or transferring property in anticipation of judgment.

*Id.* at *5, citing McCormick, *2 McCormick on Evidence*, Section 265(e), at 190-191 (4th Ed.1992).

**{¶29}** Although the issue in the instant case is different than the issue in *Leonard,* the list of "other acts" that may be admissible shares certain traits with the *Williams* "related conduct." These traits reflect conduct that indicates an admission of guilt or, in other words, consciousness of guilt. Based on this, we can only conclude

that both evidence of perjury and of tampering with the evidence provide an appropriate basis for giving a consciousness of guilt instruction to the jury.

**{¶30}** Turning to the question of whether the instruction itself was erroneous, the trial court instructed as follows:

> In this case, there is evidence that the Defendant tampered with evidence and committed perjury. Tampering with evidence and perjury do not, in and of itself, raise a presumption of guilt or a guilty connection with the crime. That is, you're instructed that you may not presume the Defendant guilty from such evidence. However, you may infer a consciousness of guilt regarding the evidence of the Defendant's tampering with evidence and perjury. A defendant's tampering with evidence, perjury and related conduct can be considered as evidence of consciousness of guilt and, thus, of guilt itself.

(Tr. Vol. V, pp. 996-997.) The standard Ohio Jury Instruction which Appellant urges should instead have been given states:

> If you find that the facts do not support that the defendant (describe defendant's conduct), or if you find that some other motive prompted the defendant's conduct, or if you are unable to decide what the defendant's motivation was, then you should not consider this evidence for any purpose…You alone will determine what weight, if any, to give to this evidence.

(Appellant's Brf., p. 11.)

**{¶31}** We reviewed a similar instruction on consciousness of guilt in *State v. Wright,* 7th Dist. No. 03MA112, 2004-Ohio-6802. In *Wright,* the following instruction was given to the jury:

> In this case, there was evidence that the defendant fled from the vicinity of the crime following the alleged aggravated robbery of the vehicle of James Grant, and again following the apprehension by the Campbell Police Department. Fleeing from the vicinity of a crime does not, in and of itself, raise a presumption of guilt or a guilty connection with the crime. That is, you are instructed that you may not presume the defendant guilty from such evidence. You may, however, infer a consciousness of guilt regarding the evidence of the defendant's alleged flight. A defendant's flight and related conduct can be considered as evidence of consciousness of guilt and, thus, of guilt itself.

*Id.* at ¶40. When compared to the jury instruction given in the instant case, the instructions are indistinguishable. While not a verbatim recitation of the standard instruction, both provide all of the required information in a slightly different format. As we have in *Wright* upheld language identical to that used in the instant matter, it is clear the language used by the trial court was not improper.

**{¶32}** Accordingly, the trial court did not err in instructing the jury as to consciousness of guilt in this matter in any fashion. Appellant's third assignment of error is without merit and is overruled.

<u>Fourth Assignment of Error</u>

THE TRIAL COURT ERRED WHEN IT FAILED TO MAKE THE REQUISITE FINDINGS PRIOR TO IMPOSITION OF CONSECUTIVE SENTENCES AND WHEN IT SENTENCED APPELLANT TO A FIVE (5) YEAR PERIOD OF POST-RELEASE CONTROL.

**{¶33}** The General Assembly revived the language of former R.C. 2929.14(E) under the renumbered R.C. 2929.14(C)(4). *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶22. The language in its current form provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the

multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶34}** Pursuant to R.C. 2929.14(C)(4), a trial court must make the requisite findings before the court can overcome the presumption in favor of concurrent sentences. *Bonnell* at ¶23. The trial court must make the requisite findings for consecutive sentencing both at the sentencing hearing and in the sentencing entry. *Id.* Although a trial court is not required to recite the statute verbatim or use "magic" or "talismanic" words, the record must clearly reflect that the trial court engaged in the appropriate analysis. *State v. Scott,* 7th Dist. No. 13 MA 47, 2014-Ohio-2993, ¶14-15, citing *State v. Bellard,* 7th Dist. No. 12-MA-47, 2013-Ohio-2956, ¶17.

**{¶35}** Appellant contends that the trial court failed to make the requisite findings under R.C. 2929.14(C) before imposing his consecutive sentences. The state disputes Appellant's contention and argues that the trial court stated that a single term would not adequately reflect the seriousness of Appellant's conduct, that Appellant's prior record shows that consecutive terms were necessary to protect the public and that consecutive sentences would not disproportionately punish Appellant.

**{¶36}** At the sentencing hearing, the trial court stated:

[R]ecognizing that in the interest of protecting the public from the dangers inherent in gang activity, it is the opinion of the Court a single term does not accurately reflect the seriousness of the conduct of the Defendant, and that his criminal history does show consecutive terms are needed to protect the public from anything further down the road as he matures.

(11/2/12 Sentencing Hrg. Tr., p. 7.)

**{¶37}** In the instant case, while the trial court did not specifically cite R.C. 2929.14(C) at the sentencing hearing, the trial court did use certain phrasing from the statute. The trial court recognized "the interest of protecting the public from the dangers inherent in gang activity" and found that "a single term does not adequately reflect the seriousness of the conduct of the Defendant." The trial court also found "his criminal history does show consecutive terms are needed to protect the public from anything further down the road as he matures." It is evident from the trial court's discussion that it made the requisite findings in R.C. 2929.14(C)(4) and subsection (c).

**{¶38}** Ohio law also requires inclusion of the appropriate analysis in the sentencing entry. In the instant case, the sentencing entry stated "that in order to protect the public and not punish the Defendant disproportionately and pursuant to §2929.14(C)(4) that a prison term is necessary due to a high risk of recidivism." (11/14/12 Sentencing J.E., p. 2.) Although the trial court again did not use the

language of R.C. 2929.14(C)(4) verbatim, it is not required. As the trial court properly indicated its R.C. 2929.14(C)(4) findings at the sentencing hearing and in the sentencing entry, the imposition of consecutive sentences is not contrary to law. Accordingly, Appellant's argument is without merit and is overruled.

**{¶39}** Appellant next contends that the trial court erroneously sentenced him to five years of post-release control when the specified period for a non-sex offense second-degree felony is only three years. The state concedes the trial court's error.

**{¶40}** At sentencing, the trial court informed Appellant "you will have a period of time at that time of five years that you will be on what's called post-release control." (11/2/12 Sentencing Hrg. Tr., p. 10.) In addition, the sentencing entry states that "Defendant has been informed on this date that he is subject to five (5) years post release control pursuant to ORC § 2967.28." (11/14/12 Sentencing J.E., p. 2.) However, as Appellant argues, R.C. 2967.28(B)(2) provides that a three year post-release control period is required for a second-degree felony, the highest degree felony on which Appellant was convicted.

**{¶41}** As such, Appellant was sentenced to a longer post-release control period than permitted by law. Appellant's argument regarding the imposition of post-release control has merit. We remand the issue to the trial court for resentencing consistent with this Opinion.

### Conclusion

**{¶42}** Appellant has not shown that the trial court erred in its jury instructions regarding criminal gang activity and consciousness of guilt. Although the trial court's

instruction on complicity may have been confusing, Appellant has not alleged or shown prejudice. The trial court complied with R.C. 2929.14(C)(4) and the record demonstrates that the court made the requisite findings and stated these findings at both the sentencing hearing and in the sentencing entry. However, the trial court erroneously imposed a five-year post-release control period in this matter. We affirm the trial court's decision as it regards all jury instruction issues and consecutive sentencing, and reverse in part and remand the matter only as to post-release control.

Donofrio, P.J., concurs.

Robb, J., concurs.