[Cite as *State v. Beard*, 2024-Ohio-161.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff- Appellee,             :

                                   No. 112547

          v.                            :

JASON D. BEARD,                         :

    Defendant-Appellant.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 18, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-657295-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory M. Paul, Assistant Prosecuting Attorney, *for appellee.*

Friedman, Gilbert & Gerhardstein and Marcus Sidoti, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Jason Beard appeals his conviction for aggravated vehicular homicide. Because the trial court properly instructed the jury, Beard's conviction was based on sufficient evidence and the conviction was not

against the manifest weight of the evidence, the judgment of the trial court is affirmed.

## PROCEDURAL HISTORY AND RELEVANT FACTS

{¶ 2} On February 24, 2021, Beard was indicted for two counts of aggravated vehicular homicide for the death of Daniel Ripepi. The first count charged a violation of R.C. 2903.06(A)(2)(a) alleging Beard operated a vehicle recklessly causing Ripepi's death. The second count charged a violation of R.C. 2903.06(A)(2)(b), alleging Beard operated a vehicle negligently causing Ripepi's death.

{¶ 3} After a jury trial, Beard was convicted of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2) for driving recklessly and causing Ripepi's death.[1] The trial court sentenced Beard to community-control sanctions for a period of three years and suspended Beard's driver's license for a period of five years.

{¶ 4} Beard's conviction resulted from his actions driving a dump truck on September 24, 2020, at a construction site. On that date, Beard was driving for Midland Concrete & Sand at a construction site adjacent to I-480. Beard delivered a load of material to the site, emptied the truck, and proceeded to drive away from the site to enter the highway. However, the dump bed of the truck was still raised, and before Beard entered the highway, the bed hit an overhead sign causing the sign

---

[1] At the close of the state's case, the trial court granted Beard's motion to dismiss the second count of the indictment.

and the truss supporting it to fall. The sign and a portion of the truss hit a pick-up truck on the highway, and the driver of the truck, Ripepi, died as a result of being hit by a portion of the sign and truss that entered the cab of the truck through the windshield.

{¶ 5} Testimony at trial established that Beard drove to the construction site at 8:30 a.m. and that he was running late. Beard dumped the load from the bed of his truck in the wrong location. Johnathan Zak, the construction supervisor at the site, testified that when dumping the load from the truck, Beard did not use a "spotter." He testified that a spotter is used to assist a driver to ensure that no overhead obstructions would be hit. Zak further said it was necessary to use a spotter that day because there was a bridge, signs, and overhead obstructions at the construction site.

{¶ 6} After dumping the load from his truck, Beard pulled away with the bed of his truck in an upright position. Witnesses testified they saw Beard's truck driving onto I-480 with the bed of the truck fully raised and that the bed hit an overhead sign. One witness testified that he saw that the driver had headphones on and that because the witness knew the truck was going to hit the sign, the witness started honking his horn at the dump truck.

{¶ 7} Troopers from the Ohio State Highway patrol arrived at the scene of the incident to investigate. Trooper Elliott Rawson testified that Beard drove the dump truck from the construction zone onto the access road but he believed that Beard never entered the main lanes of the highway. Trooper Tim Gatesman

examined the dump truck shortly after the crash and found that the truck's dump bed and all warning lights were working properly. Trooper Gatesman further testified that the height of the fully opened bed on Beard's truck was 25 and ½ feet and that the maximum height allowed on the highway would be 13 and ½ feet.

{¶ 8} Thomas Brown, the lead technician for Midland Concrete testified that it was never acceptable to drive a dump truck with the bed raised. In his testimony, Zak stated that if a driver drove with the bed of the truck raised, there would also be a risk of the truck flipping. Richard Cerny, an accident investigator hired by Beard, testified that Beard should have had a spotter and was careless in driving away before the bed was lowered. There was also testimony at trial that there would have been a light on in the truck that indicated the bed was raised. Additionally, Zach Bergen, who was a vice president at Midland Concrete & Sand for 22 years testified that the dangers associated with driving with the bed of a dump truck raised were communicated to all drivers.

{¶ 9} After the accident, Beard made a statement to the Ohio State Highway Patrol. In the statement, Beard said that he believed he lowered the bed before he drove toward the highway, he knew the bed had not completely lowered, and he believed it would take about four of five seconds for the bed to be completely lowered. Trooper Jason Turner testified that lowering the bed of that truck would take about 45 seconds. Trooper Turner also estimated that the truck Beard was driving was travelling at about 20 m.p.h. when it hit the truss. Beard's accident investigator estimated that Beard was travelling between 5 and 22 m.p.h.

LAW AND ARGUMENT

{¶ 10} Beard raises three assignments of error, which read:

I. The trial court abused its discretion and appellant was deprived of a fair trial and due process of law as guaranteed by the Sixth Amendment to the U.S. Constitution and by Section 10, Article I of the Ohio Constitution due to the trial court not giving a full and accurate jury instruction on recklessness and negligence.

II. The trial court erred when it denied appellant's motion for acquittal under Crim.R. 29 because the state failed to present sufficient evidence to establish beyond a reasonable doubt the elements necessary to support the conviction.

III. Appellant's conviction is against the manifest weight of the evidence.

*Jury Instructions*

{¶ 11} Within his first assignment of error, Beard argues that the trial court was required to give additional instructions to the jury on the difference between recklessness and negligence because the key issue at trial was whether Beard acted recklessly. The state argues that the court's instruction to the jury accurately stated the law and that Beard's requested instructions would be redundant to the instructions given by the trial court.

{¶ 12} Prior to the court instructing the jury, Beard moved to supplement the Ohio Jury Instructions on recklessness with language derived from *State v. Peck*, 172 Ohio App.3d 25, 2007-Ohio-2730, 872 N.E.2d 1263 (10th Dist.).[2] In *Peck*, a tow

---

[2] The specific language requested by Beard's counsel was not made part of the record. However, the record is sufficient to determine that the language requested was based on

truck driver used a "snatch block," a large pulley with an attached hook, that was insufficient to pull the weight of the tractor-trailer the driver was attempting to move. *Id.* at ¶ 4. As a result, the snatch block broke and catapulted into a passing car, killing the driver of the car. *Id.* Peck was convicted of reckless homicide in violation of R.C. 2903.041. *Id.* at ¶ 6.

{¶ 13} On appeal, the Tenth District Court of Appeals reversed the conviction, finding the evidence at trial failed to prove the driver knew the risk associated with using the snatch block. *Id.* at ¶ 22-23. The court of appeals elaborated on the difference between reckless and negligent behavior as follows:

> A mere failure to perceive or avoid a risk, because of a lack of due care, does not constitute reckless conduct. *Columbus v. Akins* (Sep. 27, 1984), Franklin App. No. 83AP-977, 1984 Ohio App. LEXIS 10935. Instead, one must recognize the risk of the conduct and proceed with a perverse disregard for that risk. *State v. Covington* (1995), 107 Ohio App.3d 203, 206, 668 N.E.2d 520; *State v. Whitaker* (1996), 111 Ohio App.3d 608, 613, 676 N.E.2d 1189 (noting that "to constitute recklessness, one must act with full knowledge of the existing circumstances").

*Id.* at ¶ 12.

---

paragraph 12 of *Peck*, 2007-Ohio-2730, which was specifically cited by Beard's counsel. *See State v. Griffin*, 141 Ohio St.3d 392, 2014-Ohio-4767, 24 N.E.3d 1147, ¶ 12 ("We are somewhat handicapped in that no alternative jury instructions were presented for our review. Griffin's reference to *Boyle* [*v. United States*, 556 U.S. 938, 129 S.Ct. 2237, 173 L.Ed.2d 1265 (2009),] and [*United States v.*] *Turkette*, 452 U.S. 576 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981), however, is sufficient for us to understand the instructions that he sought.").

{¶ 14} The trial court declined to use Beard's requested language and instructed the jury with instructions in pertinent part as follows:

> Before you can find the defendant guilty of aggravated vehicular homicide, you must find beyond a reasonable doubt that on or about the 24th day of September, 2020, in Cuyahoga County, Ohio, the defendant did, while operating or participating in the operation of a motor vehicle, cause the death of Daniel C. Ripepi recklessly.
>
> * * *
>
> A person acts recklessly when with heedless indifference to the consequences the person disregards a substantial or unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when with heedless indifference to the consequences the person disregards a substantial and justifiable risk that such circumstances are likely to exist.

*See* 2 Ohio Jury Instructions, CR Section 417.17 (2023).

{¶ 15} The state argues that the jury instructions were correct statements of the law and sufficient for the jury to determine whether Beard acted recklessly. Further, the state argues that any of Beard's requested instructions would be redundant to the definition of recklessness in the Ohio Jury Instructions.

{¶ 16} "When reviewing a trial court's jury instructions, the proper standard of review for an appellate court is whether the trial court's refusal to give a requested instruction constituted an abuse of discretion under the facts and circumstances of the case." *State v. Sims*, 8th Dist. Cuyahoga No. 85608, 2005-Ohio-5846, ¶ 12, citing *State v. Wolons*, 44 Ohio St.3d 64, 68, 541 N.E.2d 443 (1989). A court abuses its discretion when it "exercises its judgment in an unwarranted way regarding a matter over which has discretionary authority." *State v. McFarland*, 8th Dist.

Cuyahoga No. 111390, 2022-Ohio-4638, ¶ 20, citing *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. "In other words, '[a] court abuses its discretion when a legal rule entrusts a decision to a judge's discretion and the judge's exercise of that discretion is outside of the legally permissible range of choices.'" *Id.* at ¶ 20, quoting *State v. Hackett*, 164 Ohio St.3d 74, 2020-Ohio-6699, 172 N.E.3d 75, ¶ 19.

{¶ 17} In this case, the trial court instructed the jury as to the definition of recklessness pursuant to the Ohio Jury Instructions. Beard does not complain that the instructions per se are wrong, but rather that they are incomplete based on the circumstances of this case. Beard argues further explanation of recklessness and negligence was necessary in this case because of the similarity of his case to *Peck*, 172 Ohio App.3d 25, 2007-Ohio-2730, 872 N.E.2d 1263. We do not find the instructions incomplete or insufficient statements of the law that would not allow the jury to determine if Beard's actions were reckless or not. Unlike the evidence presented in *Peck*, in this case, there was evidence from several witnesses about the known risks of driving with a dump truck's bed raised, including Beard's own statements that allowed an inference that he knew to lower the bed before he drove toward the highway. Further, the trial court is not required to give jury instructions that are redundant or duplicative. *Griffin*, 141 Ohio St.3d 392, 2014-Ohio-4767, 24 N.E.3d 1147, at ¶ 5. Accordingly, we cannot say the trial court abused its discretion by declining to instruct the jury further as to the definition of recklessness.

{¶ 18} The first assignment of error is overruled.

*Sufficiency and Manifest Weight of the Evidence*

{¶ 19} Beard argues within the second and third assignments of error that his conviction is based upon insufficient evidence, and if not, then it is against the manifest weight of the evidence. In reviewing a challenge to the sufficiency of evidence, we determine whether the evidence, if believed, would convince the average juror of the defendant's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* Our review is not to determine "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *State v. Thompkins*, 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (1997).

{¶ 20} A manifest weight challenge to a conviction asserts that the state did not meet its burden of persuasion in obtaining a conviction. *Thompkins* at 390. A manifest weight challenge raises factual issues:

> "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."

*Id.* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983); *State v. Townsend,* 8th Dist. Cuyahoga No. 107177, 2019-Ohio-544, ¶ 20.

{¶ 21} Beard was convicted for violating R.C. 2903.06(A)(2). The state was required to produce evidence at trial that while Beard recklessly operated the dump truck, he caused the death of another. Beard argues that the only dispute at trial was whether he acted recklessly or negligently. The definition of "recklessly" and "negligently" are provided for in R.C. 2901.22, which reads in pertinent part:

> (C) A person acts recklessly when with heedless indifference to the consequences the person disregards a substantial or unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when with heedless indifference to the consequences the person disregards a substantial and justifiable risk that such circumstances are likely to exist.

> (D) A person acts negligently when, because of a substantial lapse from due care, the person fails to perceive or avoid a risk that the person's conduct may cause a certain result or may be of a certain nature. A person is negligent with respect to circumstances when, because of a substantial lapse from due care, the person fails to perceive or avoid a risk that such circumstances may exist.

{¶ 22} Beard argues that in the majority of aggravated vehicular homicides, the evidence of recklessness is straightforward because the defendants are either speeding, under the influence of drugs or alcohol, or a combination thereof, but that none of those factors were evidenced in this case to allow a finding of recklessness. Beard asserts these facts are more commonly associated with negligence and do not amount to evidence that he perceived the risk his actions could cause. In contrast,

the state presented sufficient evidence that Beard acted recklessly in disregard of a known risk by driving toward the highway knowing the bed of the dump truck was not fully lowered, in spite of knowing that practice was not safe.  The evidence was sufficient to allow the finder of fact to find Beard acted recklessly.

{¶ 23} In his third assignment of error, Beard iterates his arguments raised in his second assignment of error to argue his conviction was against the manifest weight of the evidence, highlighting the fact that there was evidence that Beard believed the bed of the dump truck was lowering when he drove towards the highway.  The state presented evidence that Beard was aware of the risk of driving the dump truck with the bed raised.  Further, there was evidence that the dump truck and its warning lights were fully functional, Beard was running late that day, he did not use a spotter when dumping the load, and he had headphones on when he was driving towards the highway where the bed of his truck struck an overhead sign.  After review of the record, we do find that the jury lost its way, created a manifest injustice by entering a guilty verdict, or that this is the exceptional case in which the evidence weighs heavily against conviction.  *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541.

{¶ 24} The second and third assignments of error are overruled.

CONCLUSION

{¶ 25} We affirm Beard's conviction for aggravated vehicular homicide.  In this case, the trial court properly instructed the jury as to the law of recklessness and did not abuse its discretion by not instructing the jury further as to those definitions.

Beard's conviction was based on sufficient evidence, and the conviction was not against the manifest weight of the evidence where the state presented evidence that Beard acted recklessly in disregard of a known risk by driving toward the highway knowing the bed of the dump truck was not fully lowered, in spite of knowing that practice to be unsafe. Further, there was evidence that the dump truck and its warnings lights were functional, Beard was running late and did not use a spotter, and he had headphones on when driving towards the highway where the bed of his truck struck an overhead sign.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

ANITA LASTER MAYS, P.J., and
SEAN C. GALLAGHER, J., CONCUR